Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ÁNGEL DAVID VEGA CORTÉS, ELIZABETH DÍAZ CARMONA Y LA SOCIEDAD LEGAL DE GANANCILES COMPUESTA POR AMBOS<br><br>Demandantes-Recurridos<br><br>Vs.<br><br>ÁNGEL L. RODRÍGUEZ MOLINA; VÍCTOR MANUEL ROSA GONZÁLEZ, CARMEN LYDIA RIVERA VEGUILLA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS Y OTROS<br>Demandados<br><br>VÍCTOR J. ROSA RIVERA<br>Demandado-Peticionario | TA2026CE00654 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CD2024CV00297<br><br>Sala: 804<br><br>Sobre: ACCIÓN REIVINDICATORIA |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Cruz Hiraldo y el Juez Sánchez Báez.[1]

Cruz Hiraldo, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de junio de 2026.

Comparece la parte peticionaria, el señor Víctor J. Rosa Rivera, solicita la revocación de la *Resolución* emitida y notificada el 13 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de Caguas. En la resolución recurrida, el foro primario denegó la moción de desestimación promovida por la parte peticionaria.

Adelantamos que, luego de examinar el recurso, y el expediente electrónico del caso, decidimos *denegar* la expedición del auto solicitado.

---

[1] Mediante la OATA-2026-063 emitida el 2 de junio de 2026, se designa al Hon. Fernando J. Bonilla Ortiz en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

**-I-**

El 26 de septiembre de 2024, la parte recurrida, el señor Ángel David Vega Cortés, la señora Elizabeth Díaz Carmona, y la sociedad de bienes gananciales compuesta por ambos, presentó la causa de acción del epígrafe. En apretada síntesis alegaron que los codemandados, entre ellos la parte peticionaria, ocupan ilegalmente una porción de su propiedad. En virtud de las alegaciones contenidas en su demanda, reclamaron distintos remedios judiciales en virtud de una causa por enriquecimiento injusto, otra por daños y perjuicios, y una acción reivindicatoria sobre el pedazo de terreno objeto de controversia. Superados varios trámites, el 17 de julio de 2025 la parte peticionaria presentó *Moción de Desestimación* la cual fue objeto de una oposición presentada por la parte recurrida. La moción en oposición a la desestimación fue replicada por la parte peticionaria, escrito que a su vez recibió una dúplica del recurrido. Los otros codemandados de título también presentaron sus respectivas mociones de desestimación, las cuales también fueron opuestas por la parte recurrida.

El 29 de septiembre de 2025 el foro de primera instancia celebró una vista argumentativa en torno a las mociones de desestimación promovidas por las partes codemandadas. Durante la audiencia las partes tuvieron la oportunidad de argumentar en favor y en contra sobre sus respectivas posturas. Finalmente, el 13 de abril de 2026 el foro apelado emitió el dictamen recurrido, allí dispuso:

> En este momento, le asiste la razón a la parte demandante en cuanto a que los planteamientos de los codemandados sobre usucapión y falta de notificación no pueden ser adjudicados en este momento por ser objeto de prueba. Mientras que, el planteamiento sobre que el codemandado Rosa Rivera de que es meramente un inquilino, fue atendido previamente en la primera solicitud de

desestimación que este presentó por derecho propio. Véase SUMAC, Entrada #36.

Aclaramos que, no estamos resolviendo ninguno de estos planteamientos en sus méritos. Consideramos, que deben ser adjudicados posteriormente, luego de finalizado el descubrimiento de prueba y de celebrada de una vista en su fondo, en la cual las partes tengan la oportunidad de presentar su prueba y refutar la contraria.

Por último, es menester indicar que, tal y como indican los demandantes, ninguna de las solicitudes de desestimación se ampara en alguno de los criterios establecidos en la Regla 10.2 de las de Procedimiento Civil, supra. Por tanto, consideramos que no procede resolver ninguno de los planteamientos de los codemandados en este momento mediante una solicitud de desestimación.

La parte peticionaria solicitó reconsideración, pero fue declarada *no ha lugar* mediante la *Orden* del 28 de abril de 2026.

Inconforme, la parte peticionaria comparece y señala los siguientes errores:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA DE CAGUAS AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN DENEGANDO LA DESESTIMACIÓN SUMARIAMENTE CONFORME A LA REGLA 36 DE PROCEDIMIENTO CIVIL DE PUERTO RICO DEL 2009 Y LA JURISPRUDENCIA APLICABLE, HABIÉNDOSE ANEJADO PRUEBA A LA MOCIÓN DE DESESTIMACIÓN LO QUE LA CONVIRTIÓ EN UNA MOCIÓN DE SENTENCIA SUMARIA Y HABIÉNDOSE PROBADO MEDIANTE LA PRUEBA ANEJADA QUE NO PROCEDE LA CAUSA DE ACCIÓN CONTRA EL CODEMANDADO-PETICIONARIO POR SER ESTE UN ARRENDATARIO Y NO TENER UN DERECHO REAL OPONIBLE SI EN SU DÍA, EL HONORABLE TRIBUNAL DETERMINARA QUE TIENE MÉRITOS LA CAUSA DE ACCIÓN.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA DE CAGUAS, AL NO HACER DETERMINACIONES DE HECHOS QUE NO ESTÁN EN CONTROVERSIA, HABIÉNDOSE ANEJADO PRUEBA A LA MOCIÓN DE DESESTIMACIÓN, LO CUAL, CONVIRTIÓ LA MISMA EN UNA SENTENCIA SUMARIA CONFORME AL DERECHO APLICABLE Y LA REGLA 36 DE PROCEDIMIENTO CIVIL DE PUERTO RICO DE 2009.

La parte recurrida también compareció mediante alegato escrito en oposición a la expedición del recurso solicitado. Por tanto, estamos en posición de disponer del presente auto de *certiorari* con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico, y el *Derecho* aplicable.

### -II-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. *Íd.* Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. *Íd.* Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la

admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 215 DPR ____ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es

que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

### *-III-*

Los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018). El expediente electrónico no sugiere la ocurrencia de algún error o abuso de discreción judicial que justifique eludir la norma ordinaria de abstención judicial reguladora de nuestras funciones apelativas en dictámenes como el de autos.

Igualmente, no advertimos criterio jurídico particular para dejar sin efecto la determinación recurrida. Regla 40 del Reglamento de este Tribunal, *supra*.

### *-IV-*

Por los fundamentos antes expuestos, los cuales hacemos formar parte de este dictamen, *denegamos* la expedición del auto de *certiorari* promovido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones